IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>        Plaintiff,<br><br>v.<br><br>JUDGE MARVIN BAGLEY, et al.,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 4:23-cv-00007-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |
| RAYMOND MAX SNYDER,<br><br>        Plaintiff,<br><br>v.<br><br>SIXTH JUDICIAL DISTRICT COURT, et al.,<br><br>Defendants. | Case No. 4:23-cv-00008-DN-PK |
| RAYMOND MAX SNYDER,<br><br>        Plaintiff,<br><br>v.<br><br>JUDGE ALEX GOBLE, et al.,<br><br>Defendants. | Case No. 4:23-cv-00056-DN-PK |

This matter is before the Court on three cases filed by Plaintiff Raymond Max Snyder.

These cases have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). For the

reasons discussed below, it is recommended that these cases be dismissed without prejudice, and Plaintiff be designated as a restricted filer.

## I. BACKGROUND

These cases represent a continuation of litigation between Plaintiff and his now ex-wife, Lauara Ann Lisk. Not content with the result of their ongoing divorce proceedings and related civil and criminal proceedings, Plaintiff brings these actions against judges, attorneys, and others involved in the state court litigation.

## II. MOTION TO DISMISS STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.[1] "Rule 12(b)(1) motions can take the form of either a 'facial' or a 'factual' attack on the court's subject matter jurisdiction."[2] In a factual attack, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[3] Because the parties have submitted materials outside the pleadings, the Court will treat this as a factual attack and will consider those materials.

---

[1] *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

[2] *Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013).

[3] *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal citation omitted).

III. DISCUSSION

A.      *YOUNGER* ABSTENSION

Plaintiff's claims are barred by the *Younger*[4] abstention doctrine. "The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[5] The Court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[6] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[7]

Here, there are multiple ongoing state court proceedings involving the same subject matter, including the Nevada divorce proceedings, the proceeding to domesticate the divorce decree in Utah, Plaintiff's suit against American Family Insurance, and a pending criminal case, among others. These cases provide Plaintiff an adequate forum to hear the claims raised here. Finally, the state proceedings involve important state interests related to family and criminal

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

[5] *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

[6] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[7] *Id.*

law.[8] Therefore, the Court lacks jurisdiction to hear Plaintiff's claims and it is recommended they be dismissed without prejudice.[9]

B.   RESTRICTED FILER DESIGNATION

Even though the Court lacks jurisdiction, it has the ability to impose filing restrictions on a litigant for his conduct in this and other cases.[10] "A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."[11] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[12] "Litigiousness alone will not support an injunction restricting filing activities."[13] "However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth."[14]

---

[8] *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Winn v. Cook*, 945 F.3d 1253,1258 (10th Cir. 2019) (quoting *Seneca-Cayuga Tribe of Okla. v. Oklahoma ex rel. Thompson*, 874 F.2d 709, 713 (10th Cir. 1989)) ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

[9] *Goings v. Sumner Cnty. Dist. Attorney's Office*, 571 F. App'x 634, 640–41 (10th Cir. 2014). While it appears that all of the related cases are ongoing in some fashion, to the extent they are not, Plaintiff's claims would be barred by the *Rooker-Feldman* doctrine. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). This doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotation marks omitted).

[10] *Judd v. Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000).

[11] *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[12] *Id.* at 353 (internal citations omitted).

[13] *Id.*

[14] *Id.*

"Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant received notice and an opportunity to oppose the court's order before it is instituted."[15]

Plaintiff has a lengthy history of abusive litigation. This includes his divorce proceedings in Nevada,[16] litigation against his insurer American Family Insurance who insured property subject to the divorce proceedings,[17] litigation against Ms. Lisk and her children in North Carolina,[18] cases related to the domestication of foreign judgments from the Nevada and North Carolina litigation,[19] litigation against his ex-wife's divorce attorneys,[20] a case against his own former divorce attorneys,[21] a pending criminal case,[22] and these three federal actions.[23] In all of these cases, Plaintiff has demonstrated a pattern of filing meritless motions and other documents. Plaintiff has been the subject of sanctions and has been found to be a vexatious litigant by at least two other courts.[24]

---

[15] *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (internal quotation marks and citations omitted).

[16] Case No. DR-MD-17-757 (4th Jud. Dist. Ct., Elko Cnty., Nev.).

[17] Case No. 200600078 (6th Dist. Ct., Sevier Cnty., Utah).

[18] Case No. 18-CVS-3306 (New Hanover Cnty. Civil Superior Ct., N.C.).

[19] Case Nos. 206600609 & 226600101 (6th Dist. Ct., Sevier Cnty., Utah).

[20] Case No. CV-22-01929 (2d Jud. Dist. Ct., Washoe Cnty., Nev.).

[21] Case No. 220300136 (4th Dist. Ct., Utah Cnty., Utah).

[22] Case No. 201600283 (6th Dist. Ct., Sevier Cnty., Utah).

[23] Case Nos. 4:23-cv-00007-DN-PK, 4:23-cv-00008-DN-PK, 4:23-cv-00056-DN-PK.

[24] Case No. 200600078, Docket No. 279; Case No. 220300136, Docket No. 144.

This pattern has continued in these cases. Plaintiff has filed case after case after case in this Court; filing complaints and amended complaints in each. In addition, Plaintiff has filed numerous motions and other documents in each case totaling thousands of pages, placing a burden on Court's staff and opposing parties. The burden became so great that the Court was forced to enter stays in these cases to avoid continuous filings until the dispositive motions are resolved.[25]

As discussed above, Plaintiff's claims here are all relate to his other ongoing litigation. And he raises many of the same arguments that have been considered and rejected in the state courts. Apparently unhappy with those outcomes, Plaintiff decided to try federal court. Not content to file one case addressing all his grievances, Plaintiff has presented a moving target by filing multiple cases and flooding the docket with filings. Based on Plaintiff's conduct in these cases and in other courts, it is clear that he is a vexatious litigant and reasonable procedures are necessary to restrict future abuses.

Consistent with restrictions that have been upheld by the Tenth Circuit,[26] the Court recommends that the following restrictions be imposed on Plaintiff in any cases in which he is proceeding pro se:

1. Any new civil complaint Mr. Snyder submits to this court will be collected by the Clerk of the Court and sent to a Magistrate Judge for review.

---

[25] Case 4:23-cv-00007-DN-PK, Docket No. 68; Case 4:23-cv-00008-DN-PK, Docket No. 39; Case 4:23-cv-00056-DN-PK, Docket No. 67.

[26] *In re Raiser*, 293 F. App'x 619, 621 (10th Cir. 2008).

2. The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.

3. If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.

4. Only with the Chief District Judge's consent will the complaint be filed.

5. Mr. Snyder's pleadings must be certified as provided in Fed. R. Civ. P. 11.

This Report and Recommendation serves as the required notice to Plaintiff concerning the proposed filing restrictions outlined above. Plaintiff's opportunity to be heard is provided through his ability to file an objection to this Report and Recommendation as indicated below. Plaintiff is hereby notified that "[t]he notice and opportunity requirement does not . . . require an in-person hearing in the district court."[27]

## IV. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that these actions be dismissed, and Plaintiff be designated a restricted filer.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[27] *Tripati*, 878 F.2d at 353.

DATED this 4th day of October, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge